## LYONS v. BROWN, Chairman.

WYATT, Justice. F. J. Lyons filed a petition directed against Charlie Brown, as chairman of the Board of Commissioners of Roads and Revenues of Fulton County, seeking the writ of mandamus. He alleged in substance: That on May 1, 1925, he was elected deputy marshal of the Municipal Court of Atlanta for a term of four years; that he was illegally removed from office on February 15, 1926, without any charges being preferred against him and without any hearing; that he was not paid his salary for the period of his term of office after February 15, 1926; and that it is the duty of the defendant, Charlie Brown, as chairman of the Board of Commissioners, to sign and issue to the plaintiff warrants drawn upon the treasurer of Fulton County for the salary thus illegally withheld from him. The defendant answered, denying that the plaintiff had been illegally discharged, and alleging that he (1) resigned; (2) abandoned the office; (3) accepted the office of assistant steward and was paid an increased salary for the period of time involved, and the duties of this office are incompatible with the duties of deputy marshal; (4) that the claim is barred by laches; (5) that the plaintiff is estopped from asserting the claim by reason of long delay. The defendant prayed for an accounting and setoff. The plaintiff demurred generally to the answer. On the demurrer the trial court rendered the following judgment: "Above demurrer is sustained in so far as defendant's amendment seeks an accounting. Said amendment is not stricken in so far as it seeks along with original answer to prevent plaintiff's recovery of salary under all the allegations of defendant's answer and amendment." The case went to trial, resulting in a verdict and judgment denying a mandamus absolute. The bill of exceptions complains of the final judgment denying a mandamus absolute, and of the judgment rendered on the demurrer in so far as the demurrer was overruled. Contending that the antecedent ruling on demurrer necessarily controlled the final judgment, the plaintiff in error brought before this court only the pleadings in the case, without a brief of the evidence or the charge of the court. *Held:*

The Code, § 89-501, provides, among other things: "All offices in the State shall be vacated: . . By resignation, when accepted. . . By abandoning the office and ceasing to perform its duties, or either." Resig-

nation and abandonment of office were properly pleaded as a defense, as against a general demurrer. Since we are dealing only with the pleadings without regard to other questions raised by the record, and since a good defense was pleaded, there was no error in overruling a general demurrer to the answer. *Judgment affirmed. All the Justices concur.*

No. 15505. JULY 3, 1946. REHEARING DENIED JULY 16, 1946.

*William G. McRae,* for plaintiff.
*Harold Sheats* and *W. S. Northcutt,* for defendant.